IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WALTER W. WOODY, M.D., F.A.C.C.                                                PLAINTIFF

V.                                                   CIVIL ACTION NO. 1:06CV228-B-D

CARDIOLOGY ASSOCIATES OF
NORTH MISSISSIPPI, P.A.                                                   DEFENDANT

## **ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

This cause comes before the court upon the plaintiff's motions for partial summary judgment and the defendant's motion for summary judgment. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court finds that the motions are not well taken and should be denied.

The plaintiff, Dr. Walter W. Woody, is a founding shareholder of the defendant, Cardiology Associates of North Mississippi ("CANM"), which provides professional cardiology services at various facilities, including its outpatient offices in Tupelo, Starkville, Columbus, and Oxford, Mississippi, and at the North Mississippi Medical Center in Tupelo. Dr. Woody alleges that he refused to sign a new shareholder/employment agreement with CANM in August 2003 because of certain provisions that he considered professionally unethical and economically disadvantageous, including a non-competition clause. He alleges that CANM thereafter breached his preexisting employment agreement and related agreements by failing to continue his appropriate income and by failing to purchase his shares of the firm. Dr. Woody further asserts that he was forced to leave his native Tupelo to find work and has suffered a substantial reduction in income as a result of CANM's actions, including the exercise of its alleged monopoly power. According to Dr. Woody, CANM exercises this monopoly power by enforcing

various contractual restraints on trade in violation of the Sherman Act, 15 U.S.C. §§ 1, 2, and the Clayton Act, 15 U.S.C. § 3, as well as certain Mississippi statutes.

Dr. Woody filed the present action on August 11, 2006, and an amended complaint on March 8, 2007, alleging the aforesaid claims in addition to various other claims including, *inter alia*, breach of contract and tortious interference with prospective economic advantage. He seeks declaratory, injunctive, and monetary relief. He has moved for partial summary judgment on the monopoly and contractual issues, and the defendant has moved for summary judgment on all claims.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

The court finds that the parties have presented genuine issues of material fact including, but not limited to, whether CANM's actions and practices amount to unlawful restraints on trade in violation of the Sherman and Clayton Acts, whether Dr. Woody has suffered damages as a result of CANM's actions, and whether CANM's non-competition agreements are enforceable and/or were enforced against Dr. Woody. Because of the existence of these and various other genuine issues of material fact, the court finds that neither party is entitled to judgment as a matter of law, and the motions for summary judgment must be denied. In regard to the defendant's *Daubert*[1] objections set forth in its motions in limine to exclude the expert testimony of Hartman, Myers, and Boland, the court finds that a hearing shall be held at an appropriate time prior to the trial of this cause.

Accordingly, it is **ORDERED AND ADJUDGED**

that the plaintiff's Motion for Partial Summary Judgment on Claims Based on Reasonableness of His Refusal to Sign Unethical 2003 Employment Contract and Entitlement to Salary Continuation and Stock Purchase is **DENIED**;

that the plaintiff's Motion for Partial Summary Judgment on Claims Based on CANM's Antitrust Violations and Other Anti-competitive Practices is **DENIED**;

that the defendant's Motion for Summary Judgment is **DENIED**; and

that the defendant's motions in limine are reserved for ruling at a future date.

This, the 15th day of February, 2008.

/s/ Neal Biggers

**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).